UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLINA ECHAVARRIA,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CENTER FOR ADVANCED PEDIATRICS,<br><br>    Defendant. | CASE NO.: |

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Carolina Echavarria ("**Echavarria**," "**Plaintiff**," or "**plaintiff**"), by and through her undersigned counsel, Daugherty Law Group, LLC, located at 260 Madison Avenue, Suite 8032, New York, New York, 10016, and as and for her complaint against defendant The Center For Advanced Pediatrics ("**Defendant**") arising from her duties and employment with Defendant, individually in her capacity as an employee of Defendant states and alleges as follows:

**I.   INTRODUCTION**

1.   This is an action for money damages to redress the deprivation by Defendant, through its agents, servants and/or employees, of the rights secured to Plaintiff by the Constitution and laws of the United States. Defendant, through

its agents, servants and/or employees, were responsible for violating Plaintiff's federal statutory rights, and thereby improperly deprived her of the freedom and liberty afforded to all citizens of this State and Country, without any cause, justification or excuse.

2.  This is an action by Plaintiff against her employer for (1) race discrimination and retaliation discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et. seq.

## II. JURISDICTION

3.  Jurisdiction in this Court is invoked under the provisions of the Judicial Code at 28 U.S.C. Sections 1331, 1343, and 1367, the Civil Rights Acts of 1964 and 1991, Title VII thereof.

## III. VENUE

4.  Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this District because Defendant is located in Norwalk, Connecticut and the conduct underlying Plaintiff's claims occurred in or around Norwalk, Connecticut.

## IV. EXHAUSTION OF REMEDIES

5.  Plaintiff timely filed her complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about May 15, 2018 against Defendant The Center For Advanced Pediatrics. Plaintiff received a Notice of Right to Sue ("NORTS") from the EEOC on August 11, 2022. She has filed these claims within 90 days of her receipt of the NORTS letter.

**V.   PARTIES**

6. The Plaintiff is an individual who resides in Trumbull, Connecticut, 06611. Plaintiff was employed by Defendant from February 2018 through April 16, 2018.

7. At all relevant times, Plaintiff was an "employee" as defined by Title VII.

8. Plaintiff is Hispanic of race.

9. Defendant, The Center For Advanced Pediatrics offers pediatric services to children in and around Norwalk and Darien, Connecticut. Its principal place of business is located at 69 East Avenue, Norwalk, Connecticut 06851. At all relevant times, Defendant employed more than 15 persons.

**VI.   FACTS**

10. Ms. Carolina Echavarria, an Hispanic female, began working for Defendant, in or around February 2018.

11. Plaintiff has no formal reprimands in her personnel file.

12. Plaintiff complained about her perceived differential treatment on several occasions.

13. Defendant's agents and employees would call the front desk when Plaintiff was working to chastise her in front of patients and employees, Caucasian employees were not surveilled and chastised publicly.

14. On or around April 16, 2018, the date Plaintiff was terminated, someone told Defendant's management that Plaintiff was looking for another job because she felt she was being mistreated.

15. On that same date, Plaintiff's manager called Plaintiff while Plaintiff was working at the front desk and demanded Plaintiff's resignation.

16. Plaintiff refused to resign and told Defendant that she was not looking for another job at work and that she had only said that she felt mistreated and may look for another job.

17. Plaintiff told Defendant that she would give adequate notice if she decided to find another job.

18. Defendant's owner, Dr. Marconi, was aware that Plaintiff would complain about her working conditions for Defendant.

19. On or around April 16, 2018, Management called the front desk (while patients and employees were around) to chastise Plaintiff about Gossip around the office. Plaintiff was yelled at for 10-15 minutes in front of everyone, finally after her coworkers noticed her getting upset, someone told her to "take the call to the back." All the administrative staff were aware that Plaintiff was being fired or chastised, Plaintiff was very shaken up

20. Then someone told Plaintiff to meet with Dr. Marconi in her office, with management and HR staff either on the phone or in the room to witness Plaintiff's termination. Plaintiff was told things like, "everybody hates [Plaintiff]," that Plaintiff was "worthless," that Plaintiff will "never get anywhere in HR," and "everyone says [Plaintiff] is a menace."

21. Plaintiff was never given an official reason for her termination.

22. Plaintiff never violated any company policies regarding "serious violations" that could result in immediate termination.

23. Defendant's policies regarding serious violations include: (1) threatening, intimidating, harassing or interfering with another employee's performance, including discrimination and sexual harassment; (2) intentional or grossly negligent behavior which may cause damage to persons or property; or (3) unauthorized possession, use or consumption of alcohol; possession, use or consumption of narcotics or controlled substances; or working under their influence.

24. Plaintiff did not violate any of the policies that warrant immediate termination.

25. Defendant ignored its progressive disciplinary procedures when it terminated Plaintiff without any previous written warnings.

26. Plaintiff was never informed *in writing* that her performance was inadequate.

27. Plaintiff was later told that she was terminated for "lack of respect."

28. Plaintiff complained about unfair treatment on or about April 16, 2018.

29. Plaintiff was terminated on that same date, April 16, 2018, for complaining about unfair treatment to her coworkers.

30. Plaintiff's direct supervisor, Luz Serrano (sp), stated under oath, that Dr. Marconi or Dr. Marconi's assistant called her on April 16, 2018 because Dr. Marconi heard that Plaintiff was complaining about her job.

31. Luz Serrano, Plaintiff's supervisor, stated under oath that she called Plaintiff and told her that if Plaintiff was unhappy with her workplace she was free to go.

32. Luz Serrano, Plaintiff's supervisor, stated under oath that Dr. Marconi told her that Plaintiff was terminated because Dr. Marconi was unsatisfied with Plaintiff's performance and felt she was not a good fit.

33. Dr. Marconi never informed Plaintiff's direct supervisor that Plaintiff would be terminated on April 16, 2018 for poor performance.

34. Dr. Marconi did not evaluate Plaintiff during Plaintiff's tenure with Defendant.

35. Plaintiff's direct supervisor, Luz Serrano, did not know Plaintiff was going to be terminated on April 16, 2018.

36. Dr. Marconi made the decision to terminate Plaintiff.

## IV: CAUSES OF ACTION

**COUNT ONE AGAINST DEFENDANT:**
**[42 U.S.C. §200e, et. seq., Title VII Disparate Treatment]**
**RACE & COLOR DISCRIMINATION**

37. Paragraphs 1-36 of this Complaint are re-alleged herein as Paragraphs 1- 36 of the First Count.

38. Defendant, through its agents, servants and/or employees, were responsible for violating Plaintiff's federal statutory rights, and thereby improperly deprived her the freedom and liberty afforded to all citizens of this Country, without any cause, justification or excuse.

39. Plaintiff's race and color was a motivating factor in Defendants' employment actions set forth above with respect to compensation, treatment, and other terms of employment.

40. Plaintiff was replaced by someone outside her protected class (Hispanic).

41. Plaintiff's replacement was Caucasian.

42. As a result of these unlawful actions of Defendant, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT TWO AGAINST DEFENDANT:**
**[42 U.S.C. §2000e, et seq., Title VII Retaliation]**

43. Paragraphs 1- 42 of this Complaint are re-alleged herein as Paragraphs 1-42 of this Second Count.

44. Plaintiff participated in protected activity when she complained to her coworkers about her differential treatment on April 16, 2018.

45. Plaintiff opposed Defendant's discriminatory employment practices on April 16, 2018.

46. Defendant was aware of Plaintiff's protected activity on April 16, 2018 when she complained to her coworkers.

47. Plaintiff was terminated the same day she complained to her coworkers about unfair treatment.

48. Indirectly establishing causation, Plaintiff's termination closely followed her protests of discrimination.

49. As a result of these unlawful actions of Defendant, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

## VII. PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully prays this Court take jurisdiction over this case and grant judgment against the Defendant. Plaintiff prays that the following relief be awarded:

a. Compensatory damages in an amount this Court shall consider just and fair;

b. Punitive damages in an amount this Court shall consider just and fair;

c. Attorney's fees and reimbursement of cost of the instant action;

d. Reimbursement of back wages and compensation for Plaintiff's lost income;

e. Prejudgment interest; and

f. All other relief that this Court deems just and fair.

## VIII. DEMAND FOR JURY TRIAL

50. Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this **8th** day of **November**, **2022**

Respectfully submitted by,

_____
Ryan D. Daugherty
Daugherty Law Group, LLC
260 Madison Avenue, Suite 8032
New York, New York 10016
(646) 859-1674
Federal No. ct30807